COURSAULT (DUTILH v.). See Case No. 4,206.

COURSE v. JOHNSON. See Case No. 3,288.

———

## Case No. 3,284.

In re COURT et al.

[17 N. B. R. 555.][1]

District Court, S. D. New York. May 3, 1878.

MOTION BY PETITIONER TO SET ASIDE ADJUDICATION IN BANKRUPTCY.

C. joined in a voluntary petition with his partners and participated actively in the proceedings. After the lapse of about five months he moved to set aside the adjudication on the ground that he was induced to join in the petition by fraudulent misrepresentations of his copartners and the attorney who prepared the petition and schedules, that the firm was not in fact insolvent and that the proceedings were carried on in the interest of his copartners for the purpose of depriving him of his property. Held, that, upon the bare possibility that C. might, against all his laches and against all his acts of acquiescence, prove the fraud alleged, substantial justice does not require that the creditors whose rights have become fixed through his voluntary acts should be subjected to the delay and expense incident to such an investigation.

[Cited in Re Lalor, Case No. 8,001; Re Meade, Case No. 9,370.]

[In the matter of J. W. Court, John C. Barlow, and Robert A. Rutter, bankrupts.]

CHOATE, District Judge. Motion by one of the bankrupts, J. W. Court, to set aside the adjudication on the ground that he was induced to join in the petition for an adjudication by fraudulent misrepresentations of his copartners, Barlow and Rutter, and the attorney who acted for them and him in preparing the petition and schedules, and that the proceedings are in fact carried on in the interest of Barlow and Rutter, for the purpose of depriving him of his property, to enable them to have it bought up in their interest, and that the firm was not in fact insolvent. Court, Barlow, and Rutter constituted the firm of J. W. Court & Co., and on the 13th of November, 1877, on their own petition they were adjudicated bankrupts. Court joined in the petition and signed and verified the schedules. This motion is made upon the affidavit of Court, which alleges in substance the fraud as above stated and the actual solvency of the firm and that a large part of the debts of the firm had been bought up by or in the interest of his copartners, and that the remaining creditors of the firm as well as his individual creditors are will-

———

[1] [Reprinted by permission.]

ing to release him. On this affidavit an order to show cause was granted with a temporary stay of proceedings in the case. Notice of motion has been served on the assignee and the creditors. The assignee alone appears to oppose. The opposing affidavits of the attorney by whom the original papers were prepared and of the copartners Barlow and Rutter deny the allegations of fraud and misrepresentation. But without going into disputed questions of this character, I am of opinion that enough appears upon the record here, which is not disputed, to make it evident that the proceedings should not be set aside.

After the adjudication, the first meeting of the creditors was held. Court appeared at that meeting and participated in its proceedings. An assignee was chosen; Court afterwards made a motion to set aside the election of the assignee, which motion was heard and denied. He was also examined as one of the bankrupts and was represented by counsel other than the attorney who prepared the original papers in the case. Upon his examination he swore that he had no knowledge whatever as to the value of the stock and machinery belonging to the firm, and yet his own affidavit to their value is now relied on so far as that value is important on the question of the solvency of the firm, as the only evidence upon which the court can rely. A bid having been made for the property of the firm at private sale, a reference to the register has been ordered to inquire into the expediency of accepting the bid. Court attended the reference and was examined as to value of the property. He swore that the amount bid, two thousand and eighty-five dollars, was its full value and ought to be accepted. Afterwards a higher bid was made by another person, and the bid of the party who offered two thousand and eighty-five dollars was increased and these two bidders continued to bid against each other until the second bidder reached three thousand two hundred dollars, where the matter now rests. It is pretty evident that the original bid was really in the interest of Court, and the other bidder was acting in the interest of his copartners, and they have each been trying to use the bankruptcy proceedings to get possession of the partnership property. After all these proceedings and the apparently intelligent participation of Court therein he now makes this motion.

The proper expenses and charges of the assignee, who is not charged with participation in the fraud, are up to this time upwards of four hundred dollars.

As to the alleged solvency of the firm, which is an essential element in the case attempted to be made on behalf of Court, his own statements, taken in connection with the evidence he has made against himself on the record in the course of the proceedings, do not show the solvency of the firm, even throwing out the claim of Barton & Co.,

which he disputes, and the assets of the firm are evidently on his own sworn statements, of little money value.

This motion was made April 11th, 1878. It must be denied on the ground of laches, acquiescence and general failure to make out on the admitted facts an equitable ground for relief. The rights of other parties have intervened, and become fixed through the voluntary acts of Court. The creditors have been interrupted in the exercise of their rights to proceed at law for the collection of their debts. If these proceedings are stayed, to await an inquiry by a reference into the truth of Court's charges of fraud as against his copartners, the creditors besides losing their ordinary remedies at law, will virtually through the delay and expense incident to such an investigation be denied the benefit of what advantages the bankrupt law gives them against their debtors. I do not think that the creditors should be deemed to have acquiesced in the prayer of the moving papers by not appearing. The amounts of their several claims as shown by the schedules are mostly small, and not such as to warrant the employment of counsel to represent them, and they may well have relied on the assignee to bring the principal facts, which indeed appear of record, to the attention of the court, and upon the court to protect them against clearly inequitable applications, and the averments of the moving papers unsupported by other proof are not sufficiently certain or sufficiently authenticated to show either that they have been settled with by the other copartners, or that they are willing to release Court. I do not say that against all the laches of the petitioner and against all his acts of acquiescence he cannot prove the fraud alleged, but I do decide that upon such a bare possibility substantial justice does not require the interruption of the regular proceedings in this case. Motion denied.